IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROY LEE MAGBY, JR., | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:05-CR-96-ODE-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
|     Respondent. | :: | 1:13-CV-1303-ODE-LTW |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Movant is confined at the federal prison in Talladega, Alabama. Movant, pro se, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 94 in 1:05-cr-96-ODE-LTW.)[1] Movant also filed a motion to clarify a statement in his § 2255 motion. (Doc. 98.)

Respondent filed a response in opposition to the motion, (Doc. 96), and Movant filed a reply, (Doc. 97). For the reasons discussed below, the undersigned finds that Movant is not entitled to relief under § 2255.

---

[1] All citations to the record are to 1:05-cr-96-ODE-LTW. In the title of his motion, Movant requested appointment of counsel and an evidentiary hearing, leading the Clerk to also docket the filing as a motion for those things. (Doc. 93.) Movant did not state any reasons why he needs counsel or a hearing, however, and as explained below, the record is sufficient to resolve his claims without further development.

AO 72A
(Rev.8/82)

On December 2, 2005, Movant pled guilty, pursuant to a negotiated plea agreement, to possession of at least fifty grams of crack cocaine with intent to distribute it. (Doc. 11; Doc. 49-1 ("Plea Agr."); Doc. 59 ("Plea Tr.").) Attorney Stanley Baum represented Movant at the plea and sentencing hearings.

In his plea agreement, Movant "voluntarily and expressly waive[d] the right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground." (Plea Agr. at 5.) The only exception to the appeal waiver was if the Court upwardly departed from the sentencing guideline range in imposing sentence, which it did not do. (*Id.*) The Court sentenced Movant to the mandatory minimum sentence of twenty years' imprisonment. (Doc. 58.) That was the minimum sentence because Movant was convicted of a felony drug offense in 1989 in the Superior Court of Fulton County, Georgia (the "Fulton County Conviction"). (Doc. 50); *see* 21 U.S.C. § 841(b)(1)(A) (2002).

Movant agreed in his plea agreement "that he will not, at any time, attempt to challenge in any forum the legality or constitutionality of the [Fulton County Conviction] . . . or the circumstances surrounding his plea of guilty in that case." (Plea Agr. at 5.) However, Baum informed the Court at the plea hearing that Movant had filed a challenge to the Fulton County Conviction in the state court a few months

earlier. (Plea Tr. at 19-20.) Baum said: "the gist of this is either that challenge is going to be dismissed or perhaps only that the parties here are agreeing that regardless of what happens, it's going to count. . . . And it's my belief that if we wait long enough, nothing still will happen. [The challenge] will just sit there." (*Id.* at 20.) There is no indication in the record that the state court ever adjudicated the challenge to the Fulton County Conviction, and Movant does not contend that it did.

Three weeks after he pled guilty in this case, Movant filed with the Georgia Board of Pardons and Paroles (the "Board") an application for a pardon of the Fulton County Conviction (and other state convictions). (Doc. 94 at 10.) On July 22, 2008, the Board issued a full, unconditional pardon for the Fulton County Conviction. (*Id.* at 11-12.) The Board stated that it issued the pardon "without implying innocence" of the crime and that the pardon merely removed the disabilities under Georgia law resulting from the Fulton County Conviction. (*Id.* at 12.)

With the pardon in hand, Movant filed the § 2255 motion at issue here. (Doc. 94.) Movant seeks resentencing and contends that he is now actually innocent of the sentence enhancement given the pardon. (*Id.* at 1-6.) Movant further contends that Baum rendered ineffective assistance by telling the Court at the plea hearing that the challenge to the Fulton County Conviction that was pending in state court at that time

3

likely would go nowhere and by not challenging the use of the Fulton County Conviction at sentencing. (*Id.*)

Because Movant's § 2255 motion attacks his sentence, the appeal waiver in his plea agreement bars his claims. An appeal waiver, including a waiver of the right to collaterally challenge a sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted).

Movant acknowledged when he signed the plea agreement that he was waiving his right to collaterally challenge his sentence. (Plea Agr. at 9.) Movant stated in writing: "I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from . . . challenging my sentence in any post-conviction proceeding." (*Id.*) At the plea hearing, the Court questioned Movant about the appeal waiver and he again acknowledged his agreement

4

to and understanding of it:

> THE COURT: I want to call your attention to the fact that your plea agreement contains a limited waiver of appeal rights. Specifically your plea agreement says that you would be able to appeal if I were to sentence you pursuant to an upward departure from the otherwise applicable sentencing guideline range. Also, if the government were to appeal your sentence, you could appeal too. Other than those exceptions, you are giving up your right to appeal your sentence. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am. She [my former counsel] explained it to me.
>
> THE COURT: Okay.
>
> THE DEFENDANT: I appreciate that.

(Plea Tr. at 10-11.)

Movant also acknowledged at the plea hearing that he previously had discussed with Baum and Respondent's counsel the option of pleading guilty without an agreement to preserve his appeal rights. (Plea Tr. at 18-19.) Movant understood from those discussions that if he pled guilty without an agreement he would retain the right to appeal but would potentially face a longer sentence. (*Id.*) After counsel described those discussions at the plea hearing, the following exchange occurred:

> THE DEFENDANT: That is exactly what happened.
>
> THE COURT: Okay. And so the deal that you got that we just went over, it's the one you want?

5

THE DEFENDANT: Yes, ma'am.

(*Id.*) Movant's colloquy with the Court at the plea hearing demonstrates that he voluntarily chose to execute the plea agreement knowing full well that he was waiving his right to challenge his sentence by doing so.

In short, Movant's written and verbal statements to the Court, all under oath, demonstrate that he knowingly and voluntarily agreed to the appeal waiver. Movant's sworn statements carry great weight. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"). The appeal waiver is valid and bars the claims in Movant's § 2255 motion.

Even if Movant's claims were not barred by his appeal waiver, they provide no basis for relief from his sentence. The Court recently dealt with a claim in a § 2255 motion like Movant's: the prisoner pled guilty to a federal drug offense and later claimed in a § 2255 motion that his sentence was improperly enhanced on the basis of prior state convictions for felony drug offenses for which the State of Georgia had pardoned him. *Nichols v. United States*, No. 2:09-CV-8-RWS, 2012 WL 255788, at *1-2 (N.D. Ga. Jan. 27, 2012). "[T]he Court conclude[d] that . . . convictions for

6

which a defendant has been pardoned may be used to enhance a sentence if the conviction has not been expunged." *Id.* at *3. Like the prisoner in *Nichols*, Movant received only a pardon for his Fulton County Conviction, not an expungement. (Doc. 94 at 11-12.) The pardon did not set aside the conviction or address Movant's guilt or innocence of the crime underlying it. (*Id.* at 12 (issuing pardon "without implying innocence")); *see In re North*, 62 F.3d 1434, 1436-37 (D.C. Cir. 1994) ("[A] pardon does not blot out guilt or expunge a judgment of conviction . . . ."); *United States v. Noonan*, 906 F.2d 952, 956, 960 (3d Cir. 1990) ("[T]he grant of a pardon does not wipe out the record of a conviction."). Thus, the Fulton County Conviction was properly used to enhance Movant's federal sentence. *See Nichols*, 2012 WL 255788, at *3 ("Because Petitioner's convictions have not been expunged, considerations of those convictions for the Section 851 enhancement was not improper.").

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [94] be **DENIED** and that civil action number 1:13-cv-1303-ODE-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that Movant's motion for a hearing and for counsel [93] be **DENIED** and that a certificate of appealability be **DENIED** because it is not reasonably debatable that Movant's claims are barred by the appeal waiver in his plea agreement and that he is not entitled to relief on the basis of

the pardon of his Fulton County Conviction. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Movant's motion to clarify a statement in his § 2255 motion [98] is **GRANTED**.

**SO ORDERED & RECOMMENDED** this 5th day of JUNE, 2013.

/S/LINDA T. WALKER
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE